UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENTON QUINTEN CROSS,<br><br>    Plaintiff,<br><br>v.<br><br>A.M. GONZALES, Warden, et al.,<br><br>    Defendant. | Civil No. 13CV2202-H(JMA)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. No. 3] |

Petitioner Trenton Quinten Cross, a state prisoner proceeding *pro se* and *in forma pauperis*, has requested appointment of counsel to pursue his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Petitioner attacks his conviction for possession and sale of a controlled substance (Cal. Health & Saf. Code § 11352(a), § 11351.5) on the grounds the trial court erroneously admitted evidence of a prior narcotics sale in violation of his right to due process. For the reasons set forth below, Petitioner's request for appointment of counsel is **DENIED** without prejudice.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McClesky v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert

00CV900W

1  denied, 481 U.S. 1023 (1987); Knaubert v. Goldsmith, 791 F.2d 722, 728
2  (9th Cir. 1986), cert. denied, 479 U.S. 867 (1986).  Under 18 U.S.C. §
3  3006A(a)(2)(B), however, financially eligible habeas petitioners seeking
4  relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever a
5  magistrate judge or the district court "determines that the interests of justice
6  so require."  18 U.S.C. § 3006A(a)(2), (a)(2)(B); Terrovona v. Kincheloe,
7  912 F.2d 1176, 1181 (9th Cir. 1990), cert. denied, 499 U.S. 979 (1991).

8       The interests of justice can also require appointment of counsel when
9  the Court conducts an evidentiary hearing on the Petition. Terrovona, 912
10 F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah v. Norris, 18 F.3d 571,
11 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. § 2254.  The appointment of
12 counsel is discretionary when no evidentiary hearing is necessary.
13 Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah, 18 F.3d
14 at 573.  Here, there is no current indication that an evidentiary hearing is
15 necessary.

16      In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas
17 relief are not entitled to appointed counsel unless the circumstances of a
18 particular case indicate that appointed counsel is necessary to prevent due
19 process violations." Chaney, 801 F.2d at 1196.  A due process violation
20 may occur in the absence of counsel if the issues involved are too complex
21 for the petitioner.  Id.  In addition, the appointment of counsel may be
22 necessary if the petitioner is of such limited education as to be incapable of
23 presenting his claims.  Hawkins v. Bennett, 423 F.2d 948, 950 (8th Cir.
24 1970).  When the issues involved in a section 2254 habeas action can be
25 properly resolved on the basis of the state court record, a district court
26 does not abuse its discretion in denying a motion for appointment of
27 counsel.  Travis v. Lockhart, 787 F.2d 409, 411 (8th Cir. 1986).
28      In the instant case, Petitioner requests counsel be appointed on his

behalf because the legal issues are complex and he is "a layman at law with no skills to research, compare, argue and respond properly to any pleadings the court may require." [Doc. No. 3.]   Petitioner has sufficiently represented himself to date.  Upon review of the petition, it appears that Petitioner has a good grasp of this case and the legal issues involved. The petition in this case was pleaded sufficiently to warrant this Court's issuance of an Order to Respond, which directed Respondent to file an answer or other responsive pleading.

"The district court must scrutinize the state court record independently to determine whether the state court procedures and findings were sufficient." Knaubert, 791 F.2d at 729.  Respondent has provided the Court with the state court records relevant to the determination of the issues presented. [Doc. No. 12.] At this stage of the proceedings, it appears that the Court will be able to properly resolve the issues presented on the basis of the state court record.Under such circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel because it is simply not warranted by the interests of justice.  See LaMere v. Risley, 827 F.2d 622, (9th Cir. 1987).

Based on the foregoing, the Court finds that the interests of justice do not require the appointment of counsel at this time.  Petitioner's motion for appointment of counsel is, therefore, **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED:  March 7, 2014

Jan M. Adler
U.S. Magistrate Judge