1
2
3
4
5
6
7
8
9
10
11
12

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

13
14
15
16
17
18
19

TERRENCE QUINTEN CROSS,

Petitioner,

v.

A.M. GONZALEZ, Warden, *et al.*,

Respondent.

Case No. 13-cv-2202 BAS (JMA)

**ORDER:**
  **(1) ADOPTING REPORT AND RECOMMENDATION; AND**
  **(2) DENYING PETITIONER *HABEAS* RELIEF**

20
21
22
23
24
25
26

On September 13, 2013, Petitioner Terrence Quinten Cross, a state prisoner, filed this Petition for Writ of *Habeas Corpus* seeking 28 U.S.C. § 2254 habeas relief from his January 31, 2012 conviction and sentence for selling and possessing cocaine base. ECF 1. Respondent answered the Petition, and Petitioner filed a Traverse. ECFs 11, 13. On August 14, 2014, United States Magistrate Judge Jan M. Adler issued a Report and Recommendation ("Report") recommending that this Court deny the Petition. ECF 16. Petitioner objected to the Report. ECF 17.

27
28

For the following reasons, the Court **ADOPTS** the Report in its entirety (ECF 16), **OVERRULES** Petitioner's objections (ECF 17), and **DENIES** the

1  petition with prejudice (ECF 1).

2  **I.    LEGAL STANDARD**

3        A district court's duties concerning a magistrate judge's report and

4  recommendation and a party's objections thereto are set forth in Rule 72(b) of the

5  Federal Rules of Civil Procedure and in 28 U.S.C. § 636(b)(1). When no objections

6  are filed, the district court is not required to review the magistrate judge's report

7  and recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th

8  Cir. 2003) (holding that 28 U.S.C. § 636(b)(1)(c) "makes it clear that the district

9  judge must review the magistrate judge's findings and recommendations de novo *if*

10 *objection is made,* but not otherwise") (emphasis in original).

11       In contrast, the duties of a district court in connection with a magistrate

12 judge's report and recommendation are quite different when an objection has been

13 filed. These duties are set forth in Rule 72(b) of the Federal Rules of Civil

14 Procedure and in 28 U.S.C. § 636(b)(1). Specifically, the district court "must make

15 a *de novo* determination of those portions of the report . . . to which objection is

16 made," and "may accept, reject, or modify, in whole or in part, the findings or

17 recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(c); *see also*

18 *United States v. Raddatz*, 447 U.S. 667, 676 (1980); *United States v. Remsing*, 874

19 F.2d 614, 617 (9th Cir. 1989).

20 **II.   ANALYSIS**[1]

21       Petitioner objects to the Report, asserting that Federal Rule of Evidence 403

22 allows this Court to review the trial court's determination for abuse of discretion.

23 ECF 17. To support this proposition, Petitioner cites *Old Chief v. United States*,

24 519 U.S. 172 (1997). In that case, the Supreme Court found that the trial court

25 abused its discretion when it refused to accept the defendant's stipulation that he

26 had a prior felony, even though the Government refused to join the stipulation.

27

28

---

[1] The Court incorporates the recitation of the facts found by the prior courts, as outlined in Judge Adler's Report.

1   Instead, the Government introduced the judgment from the prior conviction.

2   In *Old Chief*, the Supreme Court directly reviewed a case arriving from a

3   federal criminal trial, governed by the Federal Rules of Evidence. In such direct

4   actions, the abuse of discretion standard is appropriate. In contrast, Petitioner's

5   arrives in federal court seeking *habeas* relief. Federal *habeas* relief requires a

6   federal constitutional violation. *See Jammal v. Van de Kamp*, 926 F.2d 918, 919

7   (9th Cir. 1991). *Old Chief* does not address a constitutional violation, nor does it

8   impute federal evidentiary standards onto the states. It is therefore irrelevant to the

9   disposition of this Petition.

10  **III.   CONCLUSION**

11  Because failure to consider *Old Chief* or to apply its standard to the present

12  case was the sole basis for the Objection, and *Old Chief* is irrelevant, Judge Adler

13  rightly did not apply *Old Chief*. Additionally, after reviewing the entirety of the

14  Report *de novo*, the Court has determined Judge Adler's reasoning to be sound.

15  In light of the foregoing, the Court **ADOPTS** the Report in its entirety (ECF

16  16), **OVERRULES** Petitioner's objections, and **DENIES** this *habeas* petition with

17  prejudice in its entirety (ECF 1).

18  Moreover, because reasonable jurists would not find the Court's assessment

19  of the claims debatable or wrong, the Court **DENIES** a certificate of appealability.

20  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

21  **IT IS SO ORDERED.**

22  Dated:  January 27, 2015

23

24  Hon. Cynthia Bashant
    United States District Judge

25

26

27

28